**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

CHARMAINE WRIGHT,

Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, and CHASE HOME
FINANCE LLC,

Defendants.

Civil No. 18-8311(RMB/AMD)

**OPINION**

**APPEARANCES:**

JOSHUA L. THOMAS & ASSOCIATES
By: Joshua Louis Thomas, Esq.
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, Pennsylvania 19317
    Counsel for Plaintiff Charmaine Wright

PARKER IBRAHIM & BERG LLP
By: Scott W. Parker, Esq.; Brian M. Gaynor, Esq.
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
    Counsel for Defendants JPMorgan Chase Bank, National
    Association and Chase Home Finance LLC

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a Motion to Dismiss [Dkt. No. 20], filed by Defendants JPMorgan Chase Bank, National Association ("JPMorgan") and Chase Home Finance LLC ("Chase Home Finance")(together, "Defendants"), seeking dismissal of Plaintiff Charmaine Wright's Complaint [Dkt. No. 1] in its entirety. Defendants also move for sanctions and for Plaintiff, as a "vexatious litigant," to be enjoined from filing new actions [Dkt. No. 23]. Specifically, Defendants argue that dismissal and sanctions are warranted because "Plaintiff has previously filed four versions of this same complaint in various New Jersey state courts" and the previous version of the complaint was dismissed with prejudice, with the dismissal affirmed by the Superior Court of New Jersey, Appellate Division. The Court agrees with Defendants that dismissal is warranted and that Plaintiff and her counsel should be precluded from initiating new actions in this Court. This Court will also impose sanctions on Plaintiff's counsel, Joshua Louis Thomas, Esq.

I.   <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On April 25, 2018, Plaintiff commenced this action, alleging claims that stem from her August 10, 2007 mortgage (the "Original Purchase Mortgage") to purchase the property at 3 Farragut Court, Willingboro, New Jersey 08046 (the "Farragut Property").

Additionally, Plaintiff alleges impropriety in relation to a refinancing on February 18, 2008 (the "Refinance Mortgage") and a modification to the mortgage on January 1, 2011 (the "Modification Agreement"). In the Complaint, Plaintiff attempts to assert six causes of action: (1) Violations of Regulation Z of the Truth in Lending Act ("Regulation Z"), 15 U.S.C. § 1601, et seq. and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (Count One); (2) Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692)(Count Two); (3) Violations of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, et seq., and the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733 (Count Three); (4) Violations of both federal and state Racketeer Influenced and Corrupt Organizations Acts ("RICO"), 18 U.S.C. §§ 1961-1968 and N.J.S.A. § 2C:21-17, et seq. (Count Four); (5) Fraud under 18 U.S.C. §§ 1341, 1343, 1344, & 1951(a) (Count Five); and (6) Fraud under New Jersey's law against tampering with public records or information, N.J.S.A. § 2C:28-7 (Count Six).

### A.   *Plaintiff's Prior State Court Actions*

By Plaintiff's own admission, she has filed four previous complaints against Defendants, in three separate New Jersey state court actions, within the past five years.

On October 29, 2014, Plaintiff filed her first complaint against JP Morgan Chase, N.A. a/d/b/a Chase Home Finance (the same Defendants currently before this Court), among other defendants, in the Law Division of the Superior Court of New Jersey (Case No. BUR-L-2636-14)(the "First Complaint"). The First Complaint contained four causes of action, including conspiracy to commit fraud and unjust enrichment, related to allegations that JP Morgan Chase, on February 18, 2008, obtained a second mortgage on the Farragut Property and, on November 2, 2010, used a forged signature to obtain a loan modification effective January 1, 2011. After Chase moved to dismiss the First Complaint, on January 14, 2015, the Superior Court ordered Plaintiff to file an amended complaint. Plaintiff filed her First Amended Complaint (the "Second Complaint") on January 16, 2015, which alleged ten additional causes of action, including fraud and New Jersey Civil RICO, but contained substantially similar factual allegations to the First Complaint. After Chase moved for dismissal, the Honorable Marc M. Baldwin, J.S.C., dismissed Plaintiff's Second Complaint without prejudice on March 31, 2015.

Following the dismissal of the Second Complaint, Plaintiff commenced a new action in the Superior Court on May 7, 2015, under a new case number (BUR-L-1175-15), against JP Morgan Case, N.A. a/d/b/a Chase Home Finance (the same Defendants currently

before this Court), among others (the "Third Complaint"). In the

Third Complaint, Plaintiff alleged sixteen causes of action,

including violations of Regulation Z and RESPA, regarding the

same alleged fraudulent mortgages and modifications related to

the Farragut Property. On December 31, 2015, Judge Baldwin

dismissed the Third Complaint without prejudice, giving Plaintiff

thirty days to file an amended complaint. In his opinion, Judge

Baldwin stated, in part, as follows:

> The Complaint is as uninformative to the Defendants as
> the prior three attempts were. Plaintiff makes very few
> factual assertions and the ones that she does make are
> against multiple Defendants in the same paragraph.
> Courts are very reluctant to dismiss pleadings with
> prejudice because of their obtuseness (The
> Pleading's)[.] Thus I am going to give the Plaintiff
> one last try. This Complaint is going to be dismissed
> without prejudice because of its complete failure to
> advise the movants as to the theories and factual
> underpinnings against them.

See Dkt. No. 20-12, at 4.

Instead of amending her Complaint, over eight months later,

on September 9, 2016, Plaintiff filed another new complaint in

the Superior Court against JPMorgan Chase Bank, National

Association and Chase Home Finance, LLC (the same Defendants

currently before this Court), once again under a new case number

(BUR-L-2157-16)(the "Fourth Complaint"). In the Fourth

Complaint, Plaintiff alleged nineteen causes of action (the

"Fourth Complaint"), including New Jersey Civil RICO, various

fraud claims, and violations of the Fourteenth Amendment, the New

5

Jersey Fair Debt Collection Practices Act, and the New Jersey Consumer Fraud Act.  Plaintiff's allegations again related to her mortgage, refinancing, and the modification of her loan. Plaintiff also claimed violations of various federal criminal statutes (18 U.S.C. §§ 4, 241-42, 1341-43, 1956, 2314, 2331).

On December 16, 2016, the Honorable Janet Z. Smith, J.S.C., granted Defendants' motion to dismiss Plaintiff's Fourth Complaint with prejudice.  On February 21, 2018, the Superior Court of New Jersey, Appellate Division affirmed the dismissal of the Fourth Complaint, with prejudice.  Specifically, the three-judge panel concluded that Plaintiff's arguments, that the trial court erred and abused its discretion by dismissing the complaint with prejudice, prohibiting her from amending the complaint or bringing any claims in the future, were "meritless and do not require discussion in a written opinion." See Wright v. JP Morgan Chase Bank, NA, 2018 WL 987852, at *1 (N.J. Super. Ct. App. Div. Feb. 21, 2018).  The Appellate Division added as follows:

> Wright contests the court's decision to dismiss her fourth complaint with prejudice. Notwithstanding the opportunity to provide sufficient facts to sustain a cause of action in her first three pleadings, Wright could not meet her minimal burden. In the circumstances presented, we are satisfied that "further opportunity to amend would not be fruitful." Johnson v. Glassman, 401 N.J. Super. 222, 247 (App. Div. 2008). Plaintiffs who have no further facts to plead may not continue to file pleadings "in the hope that [they] could use the tools of discovery to uncover evidence of wrongdoing." Nostrame v. Santiago, 213 N.J. 109, 128 (2013). In such

a context, dismissal with prejudice is "entirely
appropriate." Ibid.

The decision to dismiss with prejudice and to deny
further amendment are matters left to the discretion of
the court. Id. at 127; See also Hoffman v. Hampshire
Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009).
Here, we hold the court's decision was within the sound
exercise of discretion.

Wright, 2018 WL 987852, at *1.

### B.   *The Pending Foreclosure Action*

On September 9, 2016, JPMorgan (a Defendant herein) brought

a parallel proceeding against Plaintiff to foreclose on the

Farragut Property in the Superior Court of New Jersey, Chancery

Division, Burlington Count (Case No. F-25014-16).  During almost

three years of contested litigation, Charmaine Wright filed a

motion to dismiss, a motion for summary judgment, and a motion

for reconsideration, all of which were denied.  Ultimately, on

January 25, 2019, the Superior Court granted summary judgment in

favor of JPMorgan Chase Bank, with a referral to the office of

foreclosure to proceed as an uncontested action.

### C.   *Plaintiff's Complaint in Federal Court*

After the Appellate Division affirmed the Fourth Complaint's

dismissal with prejudice, Plaintiff filed the operative complaint

in this Court on April 25, 2018 (the "Fifth Complaint").  Now,

this matter comes before the Court upon Defendants' Motion to

Dismiss the Fifth Complaint and Defendants' Motion for an Order
Deeming Plaintiff a Vexatious Litigant, Enjoining Future Filings
and for Sanctions.

## II.  **LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6), "a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
(2007)).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 662.  "[A]n unadorned,
the defendant-unlawfully-harmed-me accusation" does not suffice
to survive a motion to dismiss. Id. at 678.  "[A] plaintiff's
obligation to provide the 'grounds' of his 'entitle[ment] to
relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478
U.S. 265, 286 (1986)).

In reviewing the non-moving party's allegations, the
district court "must accept as true all well-pled factual
allegations as well as all reasonable inferences that can be

drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).  When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. ANALYSIS

In their Motion to Dismiss, Defendants contend that Plaintiff is barred from bringing the case before this Court due to Plaintiff's previous, numerous unsuccessful complaints and the pending foreclosure action in state court.  Specifically, Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's Fifth Complaint under the Rooker-Feldman doctrine, New Jersey's entire controversy doctrine, the Colorado River/Younger abstention doctrines, and the principles of res judicata and collateral estoppal.  Upon review, the Court finds that Plaintiff's claims are barred under the entire controversy doctrine.

### A.  Non-Cognizable Claims

First, this Court notes that nearly half of the causes of action asserted in Plaintiff's Fifth Complaint must be dismissed because they are not viable claims.  Specifically, Count Five (Fraud under 18 U.S.C. §§ 1341, 1343, 1344, & 1951(a)) and Count Six (Fraud under New Jersey's law against tampering with public records or information, N.J.S.A. § 2C:28-7), are asserted under criminal statutes.  As noted by the Third Circuit in <u>Yoder v. MacMain Law Grp., LLC</u>, 691 F. App'x 59, 60–61 (3d Cir. 2017), there is longstanding precedent that "bare criminal statutes" do not automatically give rise to a private cause of action, <u>see Cent. Bank of Denver v. First Interstate Bank of Denver</u>, 511 U.S. 164, 190 (1994)(refusing to infer a private right of action from a "bare criminal statute"), and a private party has no right to compel enforcement of criminal laws, <u>see Leeke v. Timmerman</u>, 454 U.S. 83, 85–86 (1981).  It is inexcusable and inappropriate that Mr. Thomas, as counsel to Plaintiff, asserted claims that are clearly criminal statutes for which there is no private cause of action.

Additionally, in a portion of Count Three, Plaintiff attempts to state a claim under the False Claims Act; however, Plaintiff has not alleged that she has taken any of the steps

necessary to pursue this action *qui tam*, on behalf of the U.S. Government.  Therefore, the Court will dismiss these claims.

### B.  *Rooker-Feldman* Doctrine

Second, Defendants argue that Plaintiff's Fifth Complaint must be dismissed because the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

As noted by the Third Circuit, Rooker-Feldman is a "narrow doctrine" that "applies only in limited circumstances." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 169 (3d Cir. 2010)(quoting Lance v. Dennis, 546 U.S. 459, 464-66 (2006)). Indeed, "four requirements ... must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining, 615 F.3d at at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005))(alterations in original).

Thus, application of Rooker-Feldman "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

and rejection of those judgments." <u>Exxon</u>, 544 U.S. at 284.  The
doctrine, however, "does not bar suits that challenge actions or
injuries underlying state court decisions—and especially those
that predate entry of a state court decision—rather than the
decisions themselves." <u>Allen v. DeBello</u>, 861 F.3d 433, 438 (3d
Cir. 2017).

Although Plaintiff's Fifth Complaint acknowledges that she
filed the First Complaint against JPMorgan and Chase Home Finance
on October 29, 2014, in the Superior Court of New Jersey, <u>see</u>
Compl. at ¶ 30, Plaintiff does not allege any facts related to
the other three complaints or mention the outcome of any of those
actions.  Plaintiff's Fifth Complaint essentially ignores the
existence of the prior state court dismissals.  Indeed,
Plaintiff's Fifth Complaint does not challenge, let alone
mention, any action from the state Court.  Instead, Plaintiff's
allegations focus on Defendants' purported conduct in relation to
the Original Purchase Mortgage in 2007, the Refinance Mortgage in
2008, and the Modification Agreement in 2011.  Therefore, this
Court is unable to conclude that Plaintiff's claims in the Fifth
Complaint "allege injuries arising from the state-court action
itself," as opposed to "purported injuries caused by the
defendant... in relation to mortgages on the property and the
Loan before the state-court action commenced." <u>See</u> <u>Rodrigues v.
Wells Fargo Bank, N.A.</u>, 751 F. App'x 312, 316 (3d Cir. 2018).

Accordingly, the Rooker-Feldman doctrine does not appear to bar Plaintiff's Fifth Complaint.

### C.  *New Jersey's Entire Controversy Doctrine*

Next, Defendants argue that Plaintiff's Fifth Complaint must be dismissed under New Jersey's entire controversy doctrine. Although Rooker-Feldman does not appear to deprive the Court of jurisdiction to hear Plaintiff's claims, this Court agrees that the entire controversy doctrine requires dismissal of the case.

The Third Circuit has characterized the entire controversy doctrine as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." Ricketti v. Barry, 775 F.3d 611, 613 (3d Cir. 2015).  New Jersey's entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." See Rodrigues, 751 F. App'x at 316 (quoting Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 110 A.3d 19, 27 (2015)).  In plain language, the entire controversy doctrine "applies in federal courts when there was a previous state-court action involving the same transaction." Id.

The application of the entire controversy doctrine turns on three criteria: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Hood v. Victoria Crossing Townhouse Ass'n, 2019 WL 3336132, at *7 (D.N.J. July 25, 2019)(quoting Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 591 A.2d 592, 599 (N.J. 1991)).

The New Jersey entire controversy doctrine is intended to preclude a party from "withhold[ing] part of a controversy for separate litigation even when the withheld component is a separate and independently cognizable cause of action." Maertin v. Armstrong World Indus. Inc., 241 F. Supp. 2d 434, 456 (D.N.J. 2002)(quoting Paramount Aviation, 178 F.3d at 137). "It is [a] commonality of facts, rather than the commonality of issues, parties or remedies that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine." DiTrolio v. Antiles, 142 N.J. 253, 662 A.2d 494, 504 (N.J. 1995). Importantly, the doctrine "bars not only claims that were brought in the previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008); see also Fraize v. Gov't Nat'l Mortg. Ass'n, 2016 WL

958392, at *6 (D.N.J. Mar. 14, 2016) ("all <u>claims and parties</u>

that a party <u>could have joined</u> in a prior case based on the same

transaction or occurrence" will be covered by the entire

controversy rule).

In this case, the allegations in each of Plaintiff's

complaints clearly stem from purported misconduct in relation to

the Original Purchase Mortgage in 2007, the Refinance Mortgage in

2008, and the Modification Agreement in 2011.  Additionally,

<u>JPMorgan and Chase Home Finance were both named in each of</u>

<u>Plaintiff's prior complaints</u>.[1]  Furthermore, the types of claims

asserted in the prior state court complaints were, in fact,

similar (and in some cases identical) to the types of claims made

in the instant Complaint.[2]  As previously noted, the New Jersey

Superior Court dismissed Plaintiff's Fourth Complaint with

prejudice, and the Appellate Division affirmed that dismissal,

finding that further attempts to amend would not be fruitful.

Based on this Court's finding that Plaintiff's claims arise from

---

[1] Plaintiff suggests that the previous complaints did not include
the same parties as this matter, because "additional parties"
were present in the prior actions. <u>See</u> Plaintiff's Response to
Order to Show Cause [Dkt. No. 17], at 5 (arguing that in the
Fourth Complaint, "an additional party was involved that's not
involved in the current matter").  Although it may have been
relevant if one of the current Defendants was absent from the
prior litigation, this Court fails to see the relevance of
additional parties being present in those cases.

[2] Plaintiff concedes that "the facts [in this case] are similar"
to the prior complaints. <u>See</u> <u>id.</u>

the same series of transactions as the prior complaints, Plaintiff is barred from bringing this case under the entire controversy doctrine.

The Court notes that Plaintiff's Fifth Complaint does not (and could not) assert any outright challenges to the outcome of the pending foreclosure action, given that the foreclosure case had not yet been decided at the time Plaintiff filed the instant Complaint. Indeed, the claims here are based on the same issues raised in the prior complaints, rather than direct challenges to the outcome of the foreclosure action. Since Plaintiff's Complaint does not seem to directly attack the foreclosure action, the Court sees no reason to address the viability of Plaintiff's complaint under Colorado River and Younger abstention doctrines.[3]

---

[3] In Plaintiff's Opposition Brief, she boldly requests an opportunity to amend the Fifth Complaint to assert new claims. Even setting aside the fact that Plaintiff's request to amend is untimely, Plaintiff also fails to specify the precise nature of the "new" claims she wishes to assert. For example, Plaintiff argues that she would state a claim for "reinstatement and payoff" from Defendants, see Dkt. No. 25, at 9-10, but never provides a statutory or common law basis for such a claim (it is implied, but never stated, that the claim would be derived from RESPA). To the extent Plaintiff wishes to assert these claims, it is unclear why these claims would not be more properly raised in direct response to the foreclosure action. Regardless, Plaintiff's request to amend and assert these claims is procedurally improper at this stage and seems aimed at continuing to drag this matter out indefinitely.

**D.   Motion to Deem Plaintiff a Vexatious Litigant,
Enjoining Future Filings, and for Sanctions**

In addition to dismissal, Defendants also move for this
Court to deem Plaintiff a "vexatious litigant," enjoin future
filings in this Court, and for sanctions.  Defendants argue that
Rule 11 sanctions are warranted because Plaintiff, and her
counsel, Mr. Thomas, have repeatedly pursued this frivolous case
that was previously dismissed with prejudice.  Defendants also
note that Mr. Thomas has a history of filing meritless
foreclosure-related cases that have been dismissed under the
Rooker-Feldman or entire controversy doctrines.  In fact, for
that very reason, the Honorable Robert B. Kugler recently
enjoined Mr. Thomas from filing new foreclosure-related actions
in this District, without permission from the Court.[4]

In evaluating whether sanctions are warranted, the Court
must determine whether the party's conduct was "objectively

_____

[4] In a recent opinion, the Honorable Robert B. Kugler, U.S.D.J.,
noted that Mr. Thomas "has a well-documented history of filing
virtually identical claims in the foreclosure context barred by
either the Rooker-Feldman doctrine or the New Jersey entire
controversy [doctrine] or both in the District of New Jersey and
the Eastern District of Pennsylvania." Hood v. Victoria Crossing
Townhouse Ass'n, 2019 WL 3336132, at *3 & n.5 (D.N.J. July 25,
2019)(Kugler, J.)(listing various cases brought by Mr. Thomas
that have been dismissed under the Rooker-Feldman or entire
controversy doctrine).  Ultimately, Judge Kugler issued an Order
enjoining Mr. Thomas from filing any further complaint, lawsuit,
or petition, which pertains to or references any prior
foreclosure action, in the United States District Court for the
District of New Jersey. See Civ. No. 18-12259 (D.N.J. Sept. 24,
2019).

reasonable under the circumstances." <u>Simmerman v. Corino</u>, 27 F.3d 58, 62 (3d Cir. 1994). Sanctions are to be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." <u>Doering v. Union County Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir. 1988)(citation omitted). Rule 11 "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and it "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 94 (3d Cir. 1988)(internal citation omitted).

A great deal of Plaintiff's conduct in this matter was objectively unreasonable, to say the least. As previously noted, Plaintiff repeatedly pursued her claims, despite a dismissal with prejudice in state court. Relatedly, Plaintiff's Fifth Complaint failed to mention the outcome of the prior complaints, possibly to mislead the Court into believing that this case had never been previously adjudicated. Quite troubling is the part of Plaintiff's Fifth Complaint that contained various non-cognizable claims, brought under criminal statutes, which forced Defendants and this Court to address frivolous issues that should have never been brought in the first instance.

The Court recognizes that Mr. Thomas did not become involved in this case until after the Fourth Complaint had been filed and

possibly (incorrectly) viewed this case in federal court as an opportunity to have a fresh "bite at the apple" through a new complaint. However, Mr. Thomas should have been more diligent in investigating and evaluating the merits of Plaintiff's claims before commencing this action. Indeed, Mr. Thomas's inclusion of claims under various federal criminal statutes, which were previously dismissed with prejudice in the state court action, demonstrates conduct that is not only irresponsible and inexcusable, but also sheds light on a careless attitude shown to the judicial system; Mr. Thomas's "let's see what sticks" approach will be tolerated no longer. Mr. Thomas will be sanctioned accordingly.[5] The Court will impose a sanction of $500,[6] to be paid by Mr. Thomas to Defendants, for asserting

---

[5] The extent to which Mr. Thomas will be sanctioned is somewhat softened by the fact that Mr. Thomas was not involved in the case until after the Fourth Complaint had been filed. As such, the Court is unable to hold him personally responsible for the entirety of a case that dates back years before he was retained.

[6] The Court's assessment of $500 in sanctions is intended to cover Defendants' fees and expenses involved in responding to Plaintiff's legally deficient claims that were asserted under criminal statutes. Although the Court views this assessment as generous to Mr. Thomas, if he wishes to persuade the Court that a dismissal of said claims could have been achieved at a lower cost to Defendants, the Court invites Mr. Thomas to make his case. However, the Court will not require Defendants to respond and accrue any more fees than they already have.

frivolous, non-cognizable claims that only a federal or state prosecutor could bring.[7]

The Court will also issue a formal judicial reprimand of Mr. Thomas. In failing to adequately investigate the merits of this case and the viability of the claims asserted, Mr. Thomas's conduct fell short of this Court's expectations for professionalism and practice. Mr. Thomas will be required to attend a Continuing Legal Education ("CLE") seminar which discusses the standards for attorney conduct under Rule 11(b)-(C).[8] Mr. Thomas is forewarned that similar conduct in future

---

[7] The Court acknowledges that its assessment of sanctions, in the amount of $500, falls short of Defendants' request for an award of full attorney's fees and costs incurred in responding to Plaintiff's Fifth Complaint. However, as outlined in Rule 11(c)(4), "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." To that end, the Court finds that its imposition of the $500 sanction, the judicial reprimand, and the Court-mandated CLE seminar (as explained infra), will deter similar conduct in the future. The Court also notes that the $500 is allocated to reimburse Defendants for attorney's fees and other expenses "directly resulting from the violation," in relation to Plaintiff's assertion of non-cognizable claims. At this time, the Court declines to impose an award of full attorney's fees, particularly since such an award would necessary involve an analysis of the merits for each of Defendants' defenses (a significant portion of which this Court deemed unnecessary to discuss at any length in this Opinion). Instead, the Court finds that the nature of the sanctions imposed under Rule 11(c)(4) will suffice to deter repetition of the conduct.

[8] Mr. Thomas must complete this requirement and provide documentation (such as a course description or agenda and a completion certificate) to the Court demonstrating his compliance, within ninety (90) days of this Opinion and the

cases will be met with even harsher discipline and sanctions. The Court also notes that Mr. Thomas remains subject to Judge Kugler's Order, enjoining him from filing new foreclosure-related actions in this District without permission of the Court.

Finally, the Court has no hesitation in deeming Plaintiff a "vexatious litigant." Courts in the Third Circuit have "made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." [T]his Court has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. Dist. Court for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987)); In re: Oliver, 682 F.2d 443 (3d Cir. 1982)). Plaintiff in this case has shown a willingness to repeatedly file new complaints related to the same transactions, despite a dismissal with prejudice. Thus, the Court must assume that Plaintiff could once again seek to file a new complaint as soon as this matter is dismissed. As such, Plaintiff shall be prohibited from filing new matters in this Court related to her mortgage or the pending foreclosure action, without prior permission from the Court.

---

corresponding Order, unless such period is extended by the Court upon a showing of good cause.

## IV.  CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss will be **GRANTED** and Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**.  Additionally, Defendants' Motion for an Order Deeming Plaintiff a Vexatious Litigant, Enjoining Future Filings, and for Sanctions will be **GRANTED**.  The Court deems Plaintiff a vexatious litigant, meaning she will be enjoined from future filings (absent prior permission).  The Court will also impose sanctions of $500 against Mr. Thomas, issue a formal judicial reprimand of him, and require him to attend a CLE seminar (as described herein).  Mr. Thomas also remains subject to Judge Kugler's Order enjoining him from future filings in this District.  An appropriate Order shall issue on this date.

**DATED:** October 30, 2019

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE